**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
================================================X

JULIO GARCIA & ELTON BRAHJA on their own
behalf and on behalf of others similarly situated,

                *Plaintiff(s),*

      -against-

SANDROS RESTAURANT, and
SANDRO FIORITI an individual,

                *Defendant(s).*

================================================X

Case Number: 08 CV 6051

Notice of Motion to Dismiss

     **PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, dated August 27, 2008; the Affidavit of Sandro Fioriti, sworn to on August 27, 2008; the Affirmation of Eric Vaughn-Flam, Esq., dated August 27, 2008; the Summons and Complaint dated June 15, 2008, (hereinafter the "Complaint",attached hereto as **EXHIBIT "A"**), defendants  SANDROS RESTAURANT and SANDRO FIORITI will move this Court before the Honorable John G. Koeltl, United States District Judge, 500 Pearl Street, Courtroom 12B, New York, New York, on a date and time to be designated by the Court or as soon thereafter as counsel may be heard, for an Order pursuant to Fed. R. Civ. Pro. 12(b)(6), for dismissal of Complaint, for failure to properly plead claims on behalf of others similarly situated as plaintiffs, and for such other and further relief as this Court may deem just and appropriate.

     **PLEASE TAKE FURTHER NOTICE** that, pursuant to SDNY Local Civ. Rule 6.1(b),

SANDERS ORTOLI
VAUGHN-FLAM
OSINSTADT LLP
501 Madison Ave.,
14th Fl
New York, NY 10022
Tel (212) 588-0022

1

any opposing papers, if any, are required to be served upon the undersigned within ten (10)

business days after service of the moving papers.  Reply papers, if any, will be served within five

(5) business days of the answering papers.


Date:  New York, New York
       August 27, 2008

                                          _____
                                          Eric Vaughn-Flam (EVF 0518)
                                          Sanders Ortoli Vaughn-Flam Rosenstadt LLP
                                          Attorneys for Defendants
                                          501 Madison Avenue, 14th Floor
                                          New York, New York 10022
                                          Telephone: (212) 588-0022


TO:    Roman Avshalumov (RA5508)
       Helen F. Dalton & Associates, PC
       Attorneys for Plaintiffs
       69-12 Austin Street
       Forest Hills, N.Y. 11375
       Telephone: (718) 263-9591

SANDERS ORTOLI
VAUGHN-FLAM
ROSENSTADT LLP
501 Madison Ave.,
14th Fl
New York, NY 10022
Tel. (212) 588-0022

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

JULIO GARCIA & ELTON BRAHJA on their own          Case No. 08 CV  6051
behalf and on behalf of others similarly
situated,
                                                  Affidavit of Sandro Fioriti
                    Plaintiff(s),                 in Support of Defendants'
                                                  Motion to Dismiss
            - against -

SANDROS RESTAURANT, and
SANDRO FIORITI, and individual,

                              Defendant(s).
————————————————————X

STATE OF NEW YORK    }
                     } ss.:
COUNTY OF NEW YORK   }

SANDRO FIORITI, being duly sworn, deposes and says:

1. I am one of the defendants in this action and the owner of Sandros
Restaurant.  I make this affidavit upon personal knowledge of the facts and
circumstances set forth herein and in support of Defendants' Motion to
Dismiss the Complaint.

2. I am informed that the Complaint is technically defective, as plaintiffs
have attempted to initiate this action on their own behalf, and on behalf
of others similarly situated, without alleging any additional parties to
whom the Complaint would apply or alleging any pattern or policy in my
restaurant concerning the issues alleged in the Complaint.

3. However, in addition to this pleading deficiency, which is in and of
itself a basis for this Court to dismiss the Complaint, the balance of the
allegations in the Complaint are also without basis in fact or in law.

4. As Plaintiffs are aware, Defendants are entitled to a Tip Credit against
minimum wage.

Sandera Oruli
Vaughn-Porn
Rocenocod LLP
501 Madison Ave
New York NY 10022
212) 969-1022

*1.*

5. Prior to being hired as an employee of my restaurant, I informed both Plaintiffs that I will not be paying Plaintiffs the full minimum wage rate because Plaintiffs were going to be working as tipped employees.

6. All of the tips received by each of the Plaintiffs were retained by them.

7. Between their hourly payments and their tips, Plaintiffs each were paid well above the minimum wage amounts during the period of employment with my restaurant.

8. By way of example, during the period of his employment, between 11/12/2007-01/20/2008, Plaintiff Elton Braja's average total hourly wage was $19.94.

9. Similarly, during the period of his employment, between 08/05/2007-06/29/2008, Plaintiff Julio Garcia's average total hourly wage was $21.86.

10. I am informed that during the relevant periods, the minimum wage obligation was $5.85.

WHEREFORE, the undersigned affiant, respectfully requests that the relief requested be granted.

_____
SANDRO FIORITI

SWORN TO BEFORE ME THIS
DAY OF AUGUST, 2008

_____
Notary Public

8-27-08



Notary Public State of Florida
Kay Cremeens
My Commission DD797310
Expires 06/13/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X

JULIO GARCIA & ELTON BRAHJA on their own
behalf and on behalf of others similarly situated,

                *Plaintiff(s)*,

                                Case No. 08 CV 6051

      -against-

SANDROS RESTAURANT, and
SANDRO FIORITI and individual,

                *Defendant(s)*.

========================================X

### AFFIRMATION OF ERIC VAUGHN-FLAM IN SUPPORT
### OF DEFENDANTS MOTION TO DISMISS

ERIC VAUGHN-FLAM, being duly admitted to practice law before the United States District Court of the Southern District of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am a partner of Sanders Ortoli Vaughn-Flam Rosenstadt, LLP, the attorneys of record for the Defendants in the above captioned action, and make this affirmation in support of Defendants' Motion to Dismiss, based upon a review of the file maintained in the office.

2. Defendants' current motion is predicated on Plaintiffs' failure to properly plead its Fair Labor Standards Act claims, (See the Complaint, attached hereto as EXHIBIT "A").

3. In addition to the pleading deficiency, warranting dismissal, Defendants have attached hereto Defendants' accounting records

SANDERS ORTOLI
VAUGHN-FLAM
ROSENSTADT LLP
501 Madison Ave.,
14th Floor
New York, NY 10022
T + (212) 588-0022

relating to Plaintiffs' employment with Defendant, which negate Plaintiffs' assertion of failure to meet overtime or minimum wage obligations. (See accounting records attached hereto as EXHIBIT "B").

4. Defendants have indeed complied with their obligations and thus, Plaintiffs cannot maintain their labor law violation claims.

WHEREFORE, the undersigned respectfully requests that the relief requested be granted in its entirety.

Dated:     August 27, 2008
           New York, New York

Eric Vaughn-Flam (EVF0518)
Sanders Ortoli Vaughn-Flam Rosenstadt, LLP
*Attorneys for Defendants*
501 Madison Ave., 14th floor
New York, N.Y. 10022
Tel: (212) 588-0022

SANDERS ORTOLI
VAUGHN-FLAM
ROSENSTADT LLP
501 Madison Ave.,
14th Floor
New York, NY 10022
Tel. (212) 588-0022

2

℀AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Southern _____  District of  _____ New York _____

JULIO GARCIA & ELTON BRAHJA on their own
behalf and on behalf of others similary situated

V.

SANDROS RESTAURANT, d.b.a. and SANDRO
FIORITI, an individual

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

SANDROS RESTAURNAT
360 EAST 81ST STREET, NEW YORK, NY 10021

SANDRO FIORITI,
3960 54TH STREET, APT 1E,
WOODSIDE,
NY 11377-4202

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

HELEN F. DALTON & ASSOCIATES, P.C
69-12 AUSTIN STREET
FOREST HILLS,
NY 11375

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

_____          DATE          AUG 07 2008
CLERK

_____
(By) DEPUTY CLERK

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JULIO GARCIA  and ELTON BRAHJA on their
own behalf and on the behalf of others similarly situated.

|  |  |
|---|---|
| Plaintiff, | COMPLAINT |
| -against- | JURY TRIAL DEMANDED |

SANDROS RESTAURANT, and
SANDRO FIORITI, an individual,

Defendants.
_____X

1. Plaintiffs',JULIO GARCIA and ELTON BRAHJA (hereinafter referred to as "Plaintiffs'"), by their attorneys at Helen F. Dalton & Associates, PC, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, ELTON BRAHJA through undersigned counsel, brings this action against SANDROS RESTAURANT and SANDRA FIORITI an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the SANDROS RESTAURANT, located at 306 EAST 81ST STREET, NEW YORK, NY 10021.

3. Plaintiff ELTON BRAHJA was employed by Defendants to work at SANDROS RESTAURANT., from approximately NOVEMBER 1ST, 2007 until his employment was terminated on or about JANUARY 20TH, 2008.

1

Although Plaintiff ELTON BRAHJA worked approximately sixty (60) hours or more per week during the period of November 1st of 2007 through January 20th of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff ELTON BRAHJA was employed by Defendants at SANDROS RESTAURANT from approximately NOVEMBER 1st of 2007 until his employment was terminated on JANUARY 20th of 2008, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

5. Although Plaintiff ELTON BRAHJA worked approximately SIXTY (60) hours or more per week during the period of NOVEMBER 1st of 2007 through January 20th of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6. Plaintiff JULIO GARCIA was employed by Defendants to work at SANDROS RESTAURANT., from approximately JUNE 1ST, 2007 until his employment was terminated on or about MAY 30TH, 2008. Although Plaintiff JULIO GARCIA worked approximately sixty (60) hours or more per week during the period of JUNE 1st of 2007 through MAY 30TH 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

7. Plaintiff JULIO GARCIA was employed by Defendants at SANDROS RESTAURANT from approximately JUNE 1st of 2007 until his employment was terminated on MAY 30th of 2008, Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

8. Although Plaintiff JULIO GARCIA worked approximately SIXTY (60) hours or more per week during the period of June 1st of 2007 through MAY 30TH of

2

2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

9. As a result of these violations of Federal and New York State labor laws, Plaintiffs' seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs' also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

14. Plaintiff, ELTON BRAHJA, resides at 47-17 39TH Street in Queens County, New York and was employed by Defendants at SANDROS RESTAURANT in Queens, New York from on or about November 1st, 2007 until January 20th, 2008.

15. Plaintiff, JULIO GARCIA, resides at 602 West 137 Street Apt 44 in Queens County, New York and was employed by Defendants at SANDROS RESTAURANT in Queens, New York from on or about June 1st, 2007 until MAY 30TH 2008.

16. Upon information and belief, Defendants, SANDROS RESTAURANT is a corporation organized under the laws of New York with a principal executive office at 306 East 81st Street, New York, NY 10021.

3

17. Upon information and belief, Defendants, SANDROS RESTAURANT INC is a corporation authorized to do business under the laws of New York.

18. Upon information and belief, Defendant SANDRO FIORITI, owns and/or operates SANDROS RESTAURANT that does business under the name "SANDROS RESTAURANT" at 306 EAST 81ST STREET, NY 11104.

19. Upon information and belief, Defendant Defendants SANDRO FIORITI, is the Chairman of the Board of SANDROS RESTAURANT.

20. Upon information and belief, Defendant SANDRO FIORITI, is the Chief Executive Officer of SANDROS RESTAURANT.

21. Upon information and belief, Defendant SANDRO FIORITI, is an agent of SANDROS RESTAURANT.

22. Upon information and belief, Defendant SANDRO FIORITI, has power over personnel decisions.

23. Upon information and belief, Defendant SANDRO FIORITI, has power over payroll decisions.

24. Defendant SANDRO FIORITI has the power to hire and fire employees at SANDROS RESTAURANT establish and pay their wages, set their work schedule, and maintain their employment records.

25. During relevant times, Defendant SANDRO FIORITI, was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law.

26. On information and belief, SANDROS RESTAURANT is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500.000.

## STATEMENT OF FACTS

27. Plaintiff, ELTON BRAHJA, was employed by Defendants at the SANDROS RESTAURANT in Manhattan, New York, between approximately NOVEMBER 1st, 2007 through JANUARY 20th, 2008.

4

28. During their employment by Defendants at SANDROS RESTAURANT Plaintiffs' primary duties were to wait tables and serve customers their food from the kitchen and other miscellaneous duties as directed by supervisors and managers.

29. Defendants usually created work schedule, requiring Plaintiff ELTON BRAHJA to work well more than forty (40) hours per week.

30. Plaintiff, ELTON BRAHJA, was employed by Defendants to work at SANDROS RESTAURANT located at 306 EAST 81ST STREET, NEW YORK, NY 11104. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of November 1st of 2007 through January 20th of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

31. In fact, the schedule created by Defendants required Plaintiffs' to work approximately sixty (60) hours or more per week.

32. Despite the long hours that Plaintiff ELTON BRAHJA worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from NOVEMBER 1st, 2007 to JANUARY 20th, 2008.

33. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff's overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

34. During many or all weeks in which Plaintiff ELTON BRAHJA was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

35. Defendants did not pay Plaintiff ELTON BRAHJA for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

36. Plaintiff, JULIO GARCIA, was employed by Defendants at the SANDROS RESTAURANT in Manhattan, New York, between approximately JUNE 1st, 2007 through MAY 30TH 2008.

37. Defendants usually created work schedule, requiring Plaintiff JULIO GARCIA to work well more than forty (40) hours per week.

38. Plaintiff, JULIO GARCIA, was employed by Defendants to work at SANDROS RESTAURANT located at 306 EAST 81ST STREET, NEW YORK, NY 11104. Although Plaintiff worked approximately sixty (60) hours or more per week during the period of JUNE 1st of 2007 through MAY 30th of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

39. In fact, the schedule created by Defendants required Plaintiffs' to work approximately sixty (60) hours or more per week.

40. Despite the long hours that Plaintiff JULIO GARCIA worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from June 1st, 2007 to MAY 30TH 2008.

41. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiffs' overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

42. During many or all weeks in which Plaintiff JULIO GARCIA was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

43. Defendants did not pay Plaintiff JULIO GARCIA for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a work week.

44. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiffs' a minimum wage of $5.15 per hour.

45. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiffs' minimum wages of between $6.00, $6.75, and $7.15 an hour.

46. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

47. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

48. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs' an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

49. Defendants willfully violated Plaintiffs' rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

### FIRST CAUSE OF ACTION

#### Minimum Wages Under The Fair Labor Standards Act

50. Plaintiffs' re-allege and incorporate by reference all allegations in all preceding paragraphs.

51. Plaintiffs' have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

52. At all times relevant to this action, Plaintiffs' were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. Defendants willfully failed to pay Plaintiff(s) minimum wage in accordance with 29 U.S.C . §§201, 202 and 203.

7

55. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

56. Due to Defendants' FLSA violations, Plaintiffs' are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

57. Plaintiffs' re-allege and incorporate by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiffs' were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

60. Defendants failed to record, credit or compensate Plaintiffs' the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

61. Defendants also failed to pay Plaintiffs' the required minimum wage, the minimum wage rate to which Plaintiffs' was entitled under New York Labor Law §652, in violation of 12 N. Y. C. R. R. 137-1.3.

62. Due to Defendants' New York Labor Law violations, Plaintiffs' are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

8

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

63. Plaintiffs' re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. Plaintiffs' have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

65. At all times relevant to this action, Plaintiffs' were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

66. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

67. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiffs' were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

68. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith to comply with the FLSA with respect to their compensation of Plaintiffs'.

69. Due to Defendants' FLSA violations, Plaintiffs' are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

70. Plaintiffs' re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. At all times relevant to this action, Plaintiffs' were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

73. Due to Defendants' New York Labor Law violations, Plaintiffs' are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

74. Plaintiffs' re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs' an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

76. Due to Defendants' New York Labor Law violations, Plaintiffs' are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs' respectfully requests that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiffs' unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiffs' liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs' prejudgment and post-judgment interest;

e. Awarding Plaintiffs' the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs' demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 15th day of June 2008.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

JS 44C/SDNY
REV. 1/2008

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JULIO GARCIA and ELTON BRAHJA on their own behalf and on behalf of others similarly situated | SANDROS RESTAURANT INC d.b.a. and SANDRO FIORITI, an individual |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| HELEN F. DALTON, P.C. 69-12 AUSTIN STREET FOREST HILLS, NY 11375 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FAIR LABOR STANDARDS ACT

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]    Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

### TORTS / ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [X] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150000.00    OTHER

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____    DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

*(PLACE AN x IN ONE BOX ONLY)* **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

*(PLACE AN x IN ONE BOX ONLY)* **BASIS OF JURISDICTION** *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

JULIO GARCIA
602 WEST 137TH STREET, APT 44, NEW YORK, NY 10031

ELTON BRAHJA
47-17 39TH STREET, APT 3D, SUNNYSIDE, NY 11104

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

SANDROS RESTAURANT,
306 EAST 81ST STREET, NEW YORK, NY 10001

SANDRO FIORITI
3960 54TH STREET, APT 1E, WOODSIDE, NY 11377-4202

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 04/25/08    SIGNATURE OF ATTORNEY OF RECORD    ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 07  Yr. 2007 )
RECEIPT #    Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

SandroNY, Inc.
Schedule of Tip Allocation
Elton Braja

| Period From | To | No. of Days Worked/ Tip Sheet | Tips Paid | Hours Paid | Hourly Wage | Total Hrly Pay | Total Gross | Total Hrly Wage |
|---|---|---|---|---|---|---|---|---|
| 11/12/2007 | 11/18/2007 | 5 | $460.00 | 40 | $4.60 | $184.00 | $644.00 | $ 16.10 |
| 11/19/2007 | 11/25/2007 | 6 | $585.00 | 40 | $4.60 | $184.00 | $769.00 | $ 19.23 |
| 11/26/2007 | 12/2/2007 | 7 | $894.00 | 40 | $4.60 | $184.00 | $1,078.00 | $ 26.95 |
| 12/3/2007 | 12/9/2007 | 7 | $778.00 | 40 | $4.60 | $184.00 | $962.00 | $ 24.05 |
| 12/10/2007 | 12/16/2007 | 6 | $628.00 | 40 | $4.60 | $184.00 | $812.00 | $ 20.30 |
| 12/17/2007 | 12/23/2007 | 6 | $815.00 | 40 | $4.60 | $184.00 | $999.00 | $ 24.98 |
| 12/24/2007 | 12/30/2007 | 5 | $353.00 | 40 | $4.60 | $184.00 | $537.00 | $ 13.43 |
| 12/31/2007 | 1/6/2008 | 6 | $407.00 | 40 | $4.60 | $184.00 | $591.00 | $ 14.78 |
| 1/7/2008 | 1/13/2008 | 6 | $564.00 | 40 | $4.60 | $184.00 | $748.00 | $ 18.70 |
| 1/14/2008 | 1/20/2008 | 6 | $650.00 | 40 | $4.60 | $184.00 | $834.00 | $ 20.85 |
| | | | $6,134.00 | 400 | | $1,840.00 | $7,974.00 | $ 19.94 |

| | | |
|---|---|---|
| 2007 Wages per W-2 | $ 5,264.00 | |
| 1st Qtr Gross Wage per NYS-45 | $ 2,710.00 | |
| 2nd Qtr Gross Wage per NYS-45 | $    - | |
| Total Gross Wages | $ 7,974.00 | $ 19.94 |

Note: per NYC Restaurant Owners Manual, can charge employees
     $2.00 meal alloance for 2006 and
     $2.10 meal allowance for 2007

| | |
|---|---|
| Based on Days worked above | 60 |
| Meal Allowance Rate | $ 2.10 |
| Total Charge to Employee | 126 |

SandroNY, Inc.                                               formula
Schedule of Tip Allocation
Julio Garcia

| Period From | To | No. of Days Worked/ Tip Sheet | Tips Paid | Hours Paid | Hourly Wage | Total Hrly Pay | Total Gross | Total Hrly Wage |
|---|---|---|---|---|---|---|---|---|
| 8/5/2007 | 8/12/2007 | 1 | $20.40 | 8 | $4.60 | $36.80 | $57.20 | $ 7.15 |
| 8/13/2007 | 8/18/2007 | 6 | $715.00 | 40 | $4.60 | $184.00 | $899.00 | $ 22.48 |
| 8/20/2007 | 8/25/2007 | 6 | $648.00 | 40 | $4.60 | $184.00 | $832.00 | $ 20.80 |
| 8/27/2007 | 9/1/2007 | 6 | $623.00 | 40 | $4.60 | $184.00 | $807.00 | $ 20.18 |
| 9/2/2007 | 9/9/2007 | 6 | $684.00 | 32 | $4.60 | $147.20 | $831.20 | $ 25.98 |
| 9/10/2007 | 9/16/2007 | 5 | $786.00 | 40 | $4.60 | $184.00 | $970.00 | $ 24.25 |
| 9/17/2007 | 9/22/2007 | 6 | $806.00 | 40 | $4.60 | $184.00 | $990.00 | $ 24.75 |
| 9/24/2007 | 9/29/2007 | 6 | $750.00 | 40 | $4.60 | $184.00 | $934.00 | $ 23.35 |
| 9/30/2007 | 10/7/2007 | 6 | $650.00 | 40 | $4.60 | $184.00 | $834.00 | $ 20.85 |
| 10/8/2007 | 10/14/2007 | 5 | $631.00 | 40 | $4.60 | $184.00 | $815.00 | $ 20.38 |
| 10/15/2007 | 10/21/2007 | 6 | $797.00 | 40 | $4.60 | $184.00 | $981.00 | $ 24.53 |
| 10/22/2007 | 10/28/2007 | 5 | $580.00 | 40 | $4.60 | $184.00 | $764.00 | $ 19.10 |
| 10/29/2007 | 11/4/2007 | 6 | $773.00 | 40 | $4.60 | $184.00 | $957.00 | $ 23.93 |
| 11/5/2007 | 11/11/2007 | 6 | $803.00 | 40 | $4.60 | $184.00 | $987.00 | $ 24.68 |
| 11/12/2007 | 11/18/2007 | 6 | $640.00 | 40 | $4.60 | $184.00 | $824.00 | $ 20.60 |
| 11/19/2007 | 11/25/2007 | 5 | $504.00 | 40 | $4.60 | $184.00 | $688.00 | $ 17.20 |
| 11/26/2007 | 12/2/2007 | 6 | $767.00 | 40 | $4.60 | $184.00 | $951.00 | $ 23.78 |
| 12/3/2007 | 12/9/2007 | 6 | $715.00 | 40 | $4.60 | $184.00 | $899.00 | $ 22.48 |
| 12/1/2007 | 12/16/2007 | 6 | $709.00 | 40 | $4.60 | $184.00 | $893.00 | $ 22.33 |
| 12/17/2007 | 12/23/2007 | 5 | $668.00 | 40 | $4.60 | $184.00 | $852.00 | $ 21.30 |
| 12/24/2007 | 12/30/2007 | 5 | $389.00 | 40 | $4.60 | $184.00 | $573.00 | $ 14.33 |
| 12/31/2007 | 1/6/2008 | 4 | $343.00 | 40 | $4.60 | $184.00 | $527.00 | $ 13.18 |
| 1/7/2008 | 1/13/2008 | 6 | $587.00 | 40 | $4.60 | $184.00 | $771.00 | $ 19.28 |
| 1/14/2008 | 1/20/2008 | 6 | $615.00 | 40 | $4.60 | $184.00 | $799.00 | $ 19.98 |
| 1/21/2008 | 1/27/2008 | 7 | $962.00 | 40 | $4.60 | $184.00 | $1,146.00 | $ 28.65 |
| 1/28/2008 | 2/3/2008 | 6 | $847.00 | 40 | $4.60 | $184.00 | $1,031.00 | $ 25.78 |
| 2/4/2008 | 2/10/2008 | 6 | $710.00 | 40 | $4.60 | $184.00 | $894.00 | $ 22.35 |
| 2/11/2008 | 2/17/2008 | 6 | $716.00 | 40 | $4.60 | $184.00 | $900.00 | $ 22.50 |
| 2/18/2008 | 2/24/2008 | 6 | $736.00 | 40 | $4.60 | $184.00 | $920.00 | $ 23.00 |
| 2/25/2008 | 3/2/2008 | 6 | $781.00 | 40 | $4.60 | $184.00 | $965.00 | $ 24.13 |
| 3/3/2008 | 3/9/2008 | 6 | $790.00 | 40 | $4.60 | $184.00 | $974.00 | $ 24.35 |
| 3/10/2008 | 3/16/2008 | 0 | $0.00 | | $4.60 | $0.00 | $0.00 | $ - |
| 3/17/2008 | 3/23/2008 | 6 | $733.00 | 40 | $4.60 | $184.00 | $917.00 | $ 22.93 |
| 3/24/2008 | 3/30/2008 | 7 | $703.00 | 40 | $4.60 | $184.00 | $887.00 | $ 22.18 |
| 3/31/2008 | 4/6/2008 | 5 | $669.00 | 40 | $4.60 | $184.00 | $853.00 | $ 21.33 |
| 4/7/2008 | 4/13/2008 | 7 | $753.00 | 40 | $4.60 | $184.00 | $937.00 | $ 23.43 |
| 4/14/2008 | 4/20/2008 | 6 | $712.00 | 40 | $4.60 | $184.00 | $896.00 | $ 22.40 |
| 4/21/2008 | 4/27/2008 | 7 | $693.00 | 40 | $4.60 | $184.00 | $877.00 | $ 21.93 |
| 4/28/2008 | 5/4/2008 | 6 | $644.00 | 40 | $4.60 | $184.00 | $828.00 | $ 20.70 |
| 5/5/2008 | 5/11/2008 | 6 | $562.00 | 40 | $4.60 | $184.00 | $746.00 | $ 18.65 |
| 5/12/2008 | 5/18/2008 | 6 | $664.00 | 40 | $4.60 | $184.00 | $848.00 | $ 21.20 |
| 5/19/2008 | 5/25/2008 | 6 | $613.00 | 40 | $4.60 | $184.00 | $797.00 | $ 19.93 |
| 5/26/2008 | 6/1/2008 | 7 | $786.00 | 40 | $4.60 | $184.00 | $970.00 | $ 24.25 |
| 6/2/2008 | 6/8/2008 | 6 | $641.00 | 40 | $4.60 | $184.00 | $825.00 | $ 20.63 |
| 6/9/2008 | 6/15/2008 | 6 | $727.00 | 40 | $4.60 | $184.00 | $911.00 | $ 22.78 |
| 6/16/2008 | 6/22/2008 | 5 | $733.00 | 40 | $4.60 | $184.00 | $917.00 | $ 22.93 |
| 6/23/2008 | 6/29/2008 | 6 | $685.00 | 40 | $4.60 | $184.00 | $869.00 | $ 21.73 |
| | | 266 | $31,063.40 | 1,800 | | $8,280.00 | $39,343.40 | $ 21.86 |

| | |
|---|---|
| 2007 Wages per W-2 | $16,765.40 |
| 1st Qtr Gross Wage per NYS-45 | $10,417.00 |
| 2nd Qtr Gross Wage per NYS-45 | $11,292.00 |
| Gross Wages paid July 3, 2008 | $869.00 |
| | $39,343.40 $ 21.86 |
| | $0.00 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
═══════════════════════════════════X

JULIO GARCIA & ELTON BRAHJA on their own
behalf and on behalf of others similarly situated,

                                        Case Number: 08 CV 6051

                        *Plaintiff(s),*

            -against-

SANDROS RESTAURANT, and
SANDRO FIORITI an individual,

                        *Defendant(s).*

═══════════════════════════════════X


**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' MOTION PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**


                    Respectfully submitted,

                    Eric Vaughn-Flam (EVF 0518)
                    Sanders Ortoli Vaughn-Flam Rosenstadt LLP
                    Attorneys for Defendants
                    501 Madison Avenue, 14th Floor
                    New York, New York 10022
                    Telephone: (212) 588-0022


**To:**    Roman Avshalumov (RA5508)
        Helen F. Dalton & Associates, PC
        Attorneys for Plaintiffs
        69-12 Austin Street
        Forest Hills, N.Y. 11375
        Telephone: (718) 263-9591

# TABLE OF CONTENTS

TABLE OF AUTHORITY ....................................................... ii
    Other Authority: ......................................................... iii

PRELIMINARY STATEMENT ............................................. ~1~

STATEMENT OF FACTS ................................................. ~2~

POINT I

    PLAINTIFFS' HAVE FAILED TO
    PROPERLY PLEAD THEIR FAIR LABOR
    STANDARDS ACT CLAIMS ......................................... ~4~
    A.    Plaintiff's Complaint Fails to State a
          Claim Upon Which Relief Can be Granted. ......................... ~4~
    B.    Plaintiff's have Failed to Plead that
          Others Similarly Situated as Plaintiffs
          Exist Subjecting the Complaint to Dismissal ......................... ~5~
    C.    The Tip Credit Precludes
          The Allegations in the Complaint ................................. ~7~
    D.    Dismissal of the Federal Law Claims Requires
          Dismissal of the Pendant State Law Claims ......................... ~8~

CONCLUSION ....................................................... ~9~

*i*

## TABLE OF AUTHORITY

Realite v. Ark Restaurants Corp.,
7 F. Supp. 2d 303 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~5~

Ryder Energy Distribution Corp. v. Merrill
Lynch Commodities, Inc., 748 F.2d 774 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~4~

Schwed v. General Electric Company,
159 F.R.D. 373 (N.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~4~

Verdon v. Consolidated Rail Corp., 828 F.Supp. 1129, (S.D.N.Y. 1993) . . . . . . . . . . . . . . . ~4~

Zhong v. August August Corp. d/b/a/ River Vietnamese & Thai Restaurant,
498 F.Supp.2d 625 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~4~, ~5~

**Statutes:**

Fed.R.Civ.Pro. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~1~, ~2~, ~4~, ~5~, ~9~

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Sandros Restaurant and Sandro Fioriti (hereinafter collectively the "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), the complaint dated June 15, 2008 (hereinafter the "Complaint").

### PRELIMINARY STATEMENT

Defendants have brought the current motion for dismissal pursuant to Fed.R.Civ.Pro. Rule 12(b)(6), in response to allegations of violations of The Fair Labor Standards Act and New York Labor Law, relating to overtime and minimum wage payments to the plaintiffs, Julio Garcia and Elton Brahja (hereinafter collectively referred to as the "Plaintiffs"), who were employed by Defendants as tipped employees, a fact curiously omitted from the Complaint. Defendants will demonstrate that even when viewed in the light most favorable to the Plaintiffs, the allegations fail to amount to a cause of action recognized or warranted by existing law, and thus the Complaint should be dismissed.

Plaintiff's complaint is essentially based Plaintiffs' unsupported allegations that Defendants forced Plaintiffs to work a 60 hour work week and failed to properly compensate Plaintiffs for their work. First, Plaintiffs pleadings are facially defective as they have attempted to assert claims "on their own behalf and on behalf of others similarly situated" without actually asserting any allegation against parties other than the named Plaintiffs and have failed to assert any pattern or policy of

Defendants' which are related to the allegations in the Complaint. Second, Plaintiffs have ignored the fact that Plaintiffs were notified of and then earned tips, which when added with their base hourly wage, was well beyond the minimum wage required under either Federal or State law. As hereinafter set forth, Plaintiffs' Complaint is entirely deficient and barred The Fair Labor Standards Act Tip Credit exception, and is ripe for dismissal pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

Defendants, a restaurant owner and his restaurant, employed Plaintiffs, quit without notice and without raising any of the concerns asserted in this action. By granting Defendants motion to dismiss, this Court will send a message to potential litigants that they cannot bring baseless actions with the intention of forcing a potential defendant into settlement.

## **STATEMENT OF FACTS**

Plaintiffs Julio Garcia and Elton Brahja (hereinafter collectively referred to as the "Plaintiffs"), worked for defendants Sandros Restaurant and Sandro Fioriti (hereinafter collectively referred to as the "Defendants") as tipped employees.[1] As admitted in the complaint dated June 15, 2008 (hereinafter the "Complaint"), the Plaintiffs were hired by Defendants "to wait tables and serve customers their food from the kitchen".[2] Plaintiffs were notified, prior to being hired for Defendants, that Plaintiffs they would not be receiving the full minimum wage amount because they would be earning tips which would exceed the minimum wage requirements.[3] Between their hourly payments

---

[1] See paragraph 5 of the Affidavit of Sandro Fioriti, sworn to on August 27, 2008 (hereinafter the "Sandro Afdvt.").

[2] See paragraph 28 of the Complaint, attached as EXHIBIT "A" to the Affirmation of Eric Vaughn-Flam, dated August 27, 2008 (the "EVF Afm").

[3] See paragraph 5 of the Sandro Afdvt.

and their earned tips (which were kept by Plaintiffs), Plaintiffs were paid well above the minimum wage amounts during the term of their employment with Defendants.[4]  On average, Plaintiff Brahja earned $19.94 per hour and Plaintiff Garcia earned $21.86 per hour.[5]  Moreover, these figures do not include the meals Plaintiffs ate at Defendants' restaurant which Defendants did not charge against the Plaintiffs, though were within their right to do so.

Plaintiffs have asserted that they have brought this Action on their own behalf and on behalf of others similarly situated," but have failed to raise any allegation of *others similarly situated* in the Complaint. In fact, no such *others similarly situated* exist as the Plaintiffs has opted to coin the term "*Plaintiff*" in the Complaint to mean only Plaintiffs Julio Garcia and Elton Brahja.[6]  The Civil Cover Sheet also does not seek to make the current action a class action. The Complaint also does not speak of a pattern or policy of Defendants' concerning overtime or minimum wage violations.

---

[4] See paragraphs 6-9 of the Sandro Afdvt; see also accounting records attached as EXHIBIT "B" to the EVF Afm.

[5] See paragraphs 8-9 of the Sandro Afdvt.

[6] See paragraph 1 of the Complaint.

**POINT I**

**PLAINTIFFS' HAVE FAILED TO
PROPERLY PLEAD THEIR FAIR LABOR
STANDARDS ACT CLAIMS**

**A.**     **Plaintiff's Complaint Fails to State a
Claim Upon Which Relief Can be Granted.**

The Defendants move to dismiss the Complaint pursuant to Fed.R.Civ.Pro. Rule 12(b)(6).

A Rule 12(b)(6) motion is used to test the sufficiency of the claims for relief set forth in the

complaint and is appropriate when the complaint fails to allege the elements required to establish

the plaintiff's claim. <u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>, 748 F.2d

774 (2d Cir. 1984); <u>Verdon v. Consolidated Rail Corp.</u>, 828 F.Supp. 1129, (S.D.N.Y. 1993).


Where a plaintiff brings a Fair Labor Standards Act ("FLSA") claim "for and in behalf of

himself...and other employees similarly situated," the complaint should indicate who those other

employees are and allege facts that would entitle them to relief. <u>Zhong v. August August Corp.

d/b/a/ River Vietnamese & Thai Restaurant</u>, 498 F.Supp.2d 625 (S.D.N.Y. 2007). A plaintiff must

meet this standard when attempting to signal an effort to initiate collective action certification by

invoking this phrase and failing to name additional plaintiffs and a failure to do so subjects the

complaint to dismissal. <u>Id</u>. Examples of sufficient pleading for similarly situated employees include

supporting affidavits from others actually similarly situated as Plaintiffs or a description of a

company-wide policy at issue. <u>Id</u>.; See also <u>Schwed v. General Electric Company</u>, 159 F.R.D. 373

(N.D.N.Y. 1995). A failure to make reference to any other plaintiffs or factual basis from which the

Court can determine whether similarly situated plaintiffs exist fails to meet the pleading standard.

<u>Id</u>.; <u>Schwed v. General Electric Company</u>, 159 F.R.D. 373 (N.D.N.Y. 1995).

As demonstrated in detail below, the Complaint fails to set forth any cognizable claim upon which relief can be granted and therefore Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.Pro. Rule 12(b)(6).

**B.    Plaintiff's have Failed to Plead that
Others Similarly Situated as Plaintiffs
Exist Subjecting the Complaint to Dismissal.**

Plaintiff pleads violations of both Federal and State minimum wage and overtime laws, asserting these claims on Plaintiffs' behalf and on behalf of others similarly situated. As articulated below, Plaintiffs have failed to sufficiently plead any notice of claims on behalf of any party other than the named Plaintiffs, subjecting the Complaint to dismissal.

Under the FLSA, a plaintiff is permitted to bring an action "against any employer...in behalf of himself....and other employees similarly situated." 29 U.S.C. § 216(b). "While neither the FLSA nor its accompanying regulations define the term "similarly situated", courts have held that plaintiffs must, at least, provide a 'modest factual showing sufficient to demonstrate that they and potential plaintiffs...were victims of a common policy of plan that violated the law.'" Zhong v. August August Corp. d/b/a/ River Vietnamese & Thai Restaurant, 498 F.Supp.2d 625, (S.D.N.Y. 2007); see also Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303 (S.D.N.Y. 1998) (providing an example of sufficient pleading for similarly situated employees which included supporting affidavits from other restaurant managers, a description of a company-wide policy at issue and evidence that the identified group of employees were subject to that policy). Similar to the plaintiff in Zhong v. August August Corp. d/b/a/ River Vietnamese & Thai Restaurant, and unlike the plaintiffs in Realite v. Ark Restaurants Corp., the Plaintiffs in the current action (1) have failed to provide any supporting

affidavits from other tipped employees of Defendants; (2) have failed to describe any company-wide

policy at issue; and (3) have precluded any assertion that any third party plaintiffs exist, other than

the named Plaintiffs.

The Complaint, which has not been verified by either of the Plaintiffs, by its own terms,

precludes any claim on behalf of anyone other than Julio Garcia and Elton Brahja, the named

Plaintiffs. First, in paragraph 1 of the Complaint, the term Plaintiff is defined as follows: "Plaintiffs'

JULIO GARCIA and ELTON BRAHJA (hereinafter referred to as 'Plaintiffs')".    Therefore, any

and all references to Plaintiffs through out the Complaint are limited to the two named Plaintiffs and

not any other party. Second, the Complaint alleges violations of the labor laws concerning the

specific, individual, work schedules of the named Plaintiffs. Specifically, the Complaint alleges that

the violations at issue concern Elton Brahja "from approximately November 1st of 2007 until his

employment terminated on January 20th of 2008."[7]  Similarly, the Complaint limits the allegations

to Julio Garcia's employment with Defendants "from approximately June 1, 2007 until...on or about

May 30th 2008."[8]  Because the Complaint limits the period of time and the specific parties on whose

behalf the employment violations are alleged, Plaintiffs cannot sustain any claim "on behalf of others

similarly situated".   Third, there is not a single allegation in the Complaint which speaks of any

company-wide policy to which any party was subject. Finally, Plaintiffs have neither presented any

supporting evidence, other than their conclusory allegations and have not furnished this Court with

any supporting affidavits of others who are in fact similarly situated to Plaintiffs. Therefore,

Plaintiffs have failed to properly plead their FLSA claim and this Court should dismiss the

---

[7] See paragraph 4 of the Complaint.

[8] See paragraph 6 of the Complaint.

Complaint.

In the current action, Plaintiff's have failed to meet the pleading standard for asserting an

FLSA claim "on behalf of others similarly situated", and therefore in the absence of such detail,

Plaintiffs have not sufficiently alleged an action on behalf of others similarly situated, subjecting the

Complaint to dismissal.

## C.    The Tip Credit Precludes
## The Allegations in the Complaint.

Section 3(m) of the FLSA, 29 U.S.C. § 203(m), allows an employer to pay tipped employees

an hourly rate less than the federal minimum wage, by allowing them to credit a portion of the actual

amount of tips received by the employee against the required hourly minimum wage. See 29 U.S.C.

§ 203(m). The employer may take advantage of the tip credit if two conditions are satisfied:

> (1) the tipped employee has been informed by the employer of the
> provisions of the relevant FLSA section; and
> (2) all tips received by such employee have been retained by the
> employee, except that the subsection shall not be construed to
> prohibit the pooling of tips among employees who customarily and
> regularly receive tips. 29 U.S.C. § 203.

Thus, the statute allows an employer to deduct the amount of tips actually received by an employee

from the hourly statutory minimum wage payable to that employee, up to a maximum deduction.

Based on the records duly kept by Defendants, during the actual period of his employment, from

November 12, 2007 - January 20, 2008, Plaintiff Elton Brahja's average total hourly wage was

$19.94, with a base hourly wage of $4.60.[9] Plaintiff Elton Brahja earned an average of around

$100.00 in tips per day worked during the term of his employment.

---

[9] See accounting records attached as EXHIBIT "B" to the EVF Afm.

During the term of his employment, from August, 5, 2007 - June 29, 2008, Plaintiff Julio Garcia's average total hourly wage was $21.86, with a base hourly wage of $4.60.[10] Plaintiff Julio Garcia earned an average of $100.00 in tips per day worked during the term of his employment with Defendants.

As of June, 2007, the earliest date put in issue by Plaintiffs , the minimum wage was $5.15 per hour, (changing to $5.85 per hour in July, 2007), and the tip credit could be as much as up to 50% of the minimum wage, and, based on Plaintiffs' amount of tips paid, up to $2.30 per hour under state law. 12 N.Y.C.R.R.§ 137-1.4.

With respect to all claims of unpaid overtime, the only evidence in the record shows that Plaintiffs worked for a total of 40 hours per week. Defendants payroll records as well as Plaintiffs own tax records reflect that Plaintiffs only worked for 40 hours per week, precluding their claims for overtime under federal and state law.

Based on the record, Defendants have complied with the law and Plaintiffs are precluded from asserting the claims for underpayment against Defendants. Accordingly, this Court should dismiss the Complaint in its entirety.

---

[10]  See accounting records attached as EXHIBIT "B" to the EVF Afm.

**D.    Dismissal of the Federal Law Claims Requires
       Dismissal of the Pendant State Law Claims.**

Under 28 U.S.C. § 1367(c), a federal court may decline to exercise supplemental jurisdiction

over a supplemental state claim if the district court has to dismiss all claims over which it has

original jurisdiction. Where, as in the present case, the Plaintiffs have failed to properly plead the

Federal Law claims, requiring the Court to dismiss the same, the court retains discretion to exercise

supplemental jurisdiction over the remaining state law claims. Where, as in the present case, the

Plaintiff has failed to meet its burden to sustain the state law claims, the Court should dismiss the

state law claims as well. Zhong v. August August Corp. d/b/a River Vietnamese & Thai Restaurant,

498 F.Supp.2d 625 (S.D.N.Y. 2007).


<u>**CONCLUSION**</u>

The Complaint filed by Plaintiff fails to meet pleading requirements of the FLSA and is

belied by the evidence in the record.  Therefore, it is respectfully submitted that this Court dismiss

the Complaint in its entirety pursuant to Fed.R.Civ.Pro. Rule 12(b)(6).


Dated:        New York, New York
              August 27, 2008

                                    Respectfully submitted,


                                    Eric Vaughn-Flam (EVF0518)
                                    Sanders Ortoli Vaughn-Flam Rosenstadt LLP
                                    501 Madison Avenue, 14th Floor
                                    New York, New York 10022
                                    Telephone: (212) 588-0022